IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01464-BNB

STEPHAN MOORER,

    Applicant,

v.

WARDEN BERKEBILE,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Stephan Moorer, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. Moorer initiated this action by filing *pro se* a Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus (ECF No. 1). On June 26, 2013, Mr. Moorer filed on the proper form an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 6). Mr. Moorer asserts claims challenging both the validity of the sentence he is serving and the validity of a prison disciplinary conviction. As relief he requests an order setting aside and vacating the allegedly illegal sentence or, in the alternative, an order expunging the prison disciplinary conviction he is challenging.

On June 27, 2013, Magistrate Judge Boyd N. Boland entered an order directing Mr. Moorer to show cause why this action should not be dismissed because his claim challenging the validity of his sentence must be raised in the sentencing court and his claims challenging the validity of his prison disciplinary conviction are either successive

or abusive. On July 23, 2013, Mr. Moorer filed a document titled "Declaration of Stephan Moorer" (ECF No. 10) in response to Magistrate Judge Boland's show cause order.

The Court must construe the application and other papers filed by Mr. Moorer liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Moorer is serving a prison sentence pursuant to his conviction in the Superior Court of the District of Columbia. (*See* ECF No. 1-1 at 2.) He is serving his sentence in the custody of the BOP. He first claims that the prison sentence he is serving is illegal. Mr. Moorer also asserts three claims challenging the validity of his prison disciplinary conviction in a BOP disciplinary proceeding identified by the case number 2267819.

To the extent Mr. Moorer is challenging the validity of his prison sentence, the Court lacks jurisdiction to consider the claim.

> Under District of Columbia law, a prisoner convicted and sentenced in the Superior Court may file a motion in that court to vacate, set aside, or correct his sentence "upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack." D.C.Code § 23–110(a). Although habeas relief in federal court is available to a District of Columbia Code offender who "is in custody in violation of the Constitution . . . of the United States," 28 U.S.C. § 2241(c)(3), his habeas petition "shall not be entertained by . . . any Federal . . . court if it appears that the [petitioner] has failed to make a motion for relief under [D.C.Code § 23–110]

2

> or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C.Code § 23–110(g); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C.Cir.1986) (per curiam) ("[A] District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is inadequate or ineffective to test the legality of his detention.") (internal quotation marks and citation omitted).

*Hatch v. Jett*, 847 F. Supp.2d 88, 92 (D.D.C. 2012) (alterations in original, footnote omitted). Mr. Moorer fails to present any reasoned argument that demonstrates the local remedy available to him in the sentencing court is inadequate or ineffective. Therefore, Mr. Moorer's claim challenging the validity of his prison sentence will be dismissed for lack of jurisdiction.

To the extent Mr. Moorer is challenging the validity of his prison disciplinary conviction in BOP case number 2267819, Mr. Moorer acknowledges in the amended application (*see* ECF No. 6 at 4, 14) and in his response to Magistrate Judge Boland's show cause order (*see* ECF No. 10 at 2) that he previously filed an application for a writ of habeas corpus pursuant to § 2241 challenging the validity of the same prison disciplinary conviction. *See Moorer v. Oliver*, No. 2:12-cv-0278-WTL-WGH (S.D. Ind. Nov. 27, 2012). According to the docketing records in Mr. Moorer's prior habeas corpus action, which are available on PACER and which the Court has reviewed, the Southern District of Indiana determined that Mr. Moorer's claims challenging the validity of his disciplinary conviction in BOP case number 2267819 lacked merit and denied relief because Mr. Moorer had not been denied a constitutionally protected liberty or property interest as a result of the disciplinary conviction. According to Mr. Moorer, the Southern District of Indiana action "was dismissed because [he] did not notify the court of [his]

parole eligibility and the potential adverse impact incident report 2267819 is expected to have on [his] parole eligibility." (ECF No. 10 at 2.) He asserts that he "did not appeal that particular dismissal because [he] knew that [he] was going to [be] transferred to ADX at U.S.P. Florence depriving that judicial circuit of jurisdiction." (*Id.*)

Pursuant to 28 U.S.C. § 2244(a), the Court need not entertain an application for a writ of habeas corpus pursuant to § 2241 "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." This statutory bar applies both to successive claims that actually were raised in the prior petition and to abusive claims that could have been raised in the prior petition but were not. *See Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010). Although the Court may raise the statutory bar *sua sponte*, Mr. Moorer must be given notice and an opportunity to respond. *See id.* at 1271.

Mr. Moorer has been given an opportunity to address whether his claims in this action are successive or abusive claims barred by § 2244(a). Regardless of whether his specific claims in this action actually were raised in the prior habeas corpus action, the Court finds that the claims are barred.

With respect to successive claims, § 2244(a) provides simply that the Court is not required to address any claim that was raised and adjudicated in a prior habeas corpus action. Thus, if Mr. Moorer is asserting successive claims that previously were raised in his prior habeas corpus action in the Southern District of Indiana, those claims must be dismissed. *See Stanko*, 617 F.3d at 1270. The fact that Mr. Moorer apparently wishes to present a new legal argument in support of those claims does not alter this analysis.

*See id.*

A different analysis applies if Mr. Moorer's claims are abusive. "Under the abuse of the writ doctrine, if a second or subsequent petition raises a claim that could have been raised in an earlier petition, the petitioner must establish that the omission was not the result of inexcusable neglect in order to proceed on the new claim." *Stanko*, 617 F.3d at 1271. In order to demonstrate the omission was not the result of inexcusable neglect, Mr. Moorer must show either cause and prejudice or that a failure to consider the claim will result in a fundamental miscarriage of justice. *See id.* "'[T]he cause standard requires the petitioner to show that some objective factor external to the defense impeded [the petitioner's] efforts to raise the claim' in the earlier petition." *Id.* at 1272 (quoting *McCleskey*, 499 U.S. at 493). "Cause also requires that a prisoner 'conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition.'" *Id.* (quoting *McCleskey*, 499 U.S. at 498). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

The Court finds that Mr. Moorer fails to demonstrate either cause and prejudice or a fundamental miscarriage of justice. He fails to demonstrate that some objective factor external to the defense prevented him from discovering the claims he is asserting in this action or from raising those claims in the prior habeas corpus action in the Southern District of Indiana or that he conducted a reasonable and diligent investigation in order to include all relevant grounds in the habeas corpus action in the Southern District of Indiana. Mr. Moorer also fails to demonstrate that a failure to consider his

claims in this action will result in a fundamental miscarriage of justice.  Therefore, Mr. Moorer's claims challenging the validity of his prison disciplinary conviction in BOP incident report number 2267819 must be dismissed pursuant to § 2244(a).

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus (ECF No. 1) and the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 6) are denied and the action is dismissed for the reasons specified in this order.  It is

FURTHER ORDERED that, to the extent a certificate of appealability may be necessary, no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  1st  day of   August  , 2013.

BY THE COURT:

                                             s/ Lewis T. Babcock  
                                            LEWIS T. BABCOCK, Senior Judge  
                                            United States District Court